# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KEITH LARON BROOKS,

    Petitioner,

vs.                                      Case No.:    3:12-cv-1266-J-32JRK
                                                                          3:09-cr-76-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Keith Laron Brooks's "Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" (Doc. 47), the United States' response (Doc. 51), as well as Petitioner's "Motion Requesting Leave to File Reply" and accompanying reply (Doc. 52). On January 8, 2016, this Court denied Petitioner relief under 28 U.S.C. § 2255. (Doc. 44). Petitioner urges the Court to reconsider the denial of the claim that his enhanced sentence under the Armed Career Criminal Act (ACCA) is unconstitutional following Johnson v. United States, 135 S. Ct. 2551 (2015). (See generally Doc. 47; see also Doc. 44 at 39-42; Doc. 43). In the order denying § 2255 relief, the Court explained that Johnson did not affect Petitioner because he had at least three prior convictions that qualified as ACCA predicate offenses, even excluding the Residual Clause. The Court noted that Petitioner had prior felony convictions for armed robbery, aggravated battery, and the sale or delivery of cocaine. The Court explained that, after taking away the

Residual Clause, Petitioner's prior convictions for armed robbery and aggravated battery still qualified as "violent felonies" under the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(i), and that his prior felony convictions for the sale or delivery of cocaine qualified as a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii).  The Court further noted that Petitioner admitted at his sentencing hearing that his prior convictions qualified as ACCA predicate offenses.  Petitioner insists, nevertheless, that the Court erred in determining that his prior convictions qualified under the ACCA's "elements clause" or "enumerated offenses" clause, see 18 U.S.C. § 924(e)(2)(B)(i)-(ii).  (Doc. 47 at 1-6, 7-11).[1]

Additionally, Petitioner asks the Court to consider a new claim.  Petitioner contends that counsel gave ineffective assistance at the sentencing stage by not challenging whether Petitioner's prior convictions qualified under the ACCA.  (Id. at 6-7).

Under Federal Rule of Civil Procedure 59, a party may move to alter or amend the judgment within 28 days of its entry.  Fed. R. Civ. P. 59(e).  The decision to alter or amend a judgment is an extraordinary remedy, which "is committed to the sound discretion of the district judge."  Tristar Lodging, Inc. v. Arch Specialty, Ins. Co., 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting Am. Home Assur. Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985)).  "The only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law

---

[1] In its Order, the Court did not address whether Petitioner's prior convictions qualified under the "enumerated offenses" clause, § 924(e)(2)(B)(ii).

or fact." Gordon v. Social Sec. Admin., Com'r, 625 F. App'x 512, 513 (11th Cir. 2015) (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A Rule 59(e) motion cannot be used to relitigate old matters or present evidence that could have been raised prior to the entry of judgment." Id. (citing Jacobs v. Tempur–Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir.2010)).

To the extent Petitioner challenges the ruling that his prior convictions for armed robbery and aggravated battery qualify as ACCA predicate convictions, Rule 59(e) relief is not warranted because he merely seeks to re-litigate a claim the Court has already denied. Petitioner also has not identified a manifest error of law or fact in the Court's decision, particularly considering that Petitioner conceded at the sentencing hearing that his prior convictions were ACCA predicate offenses.[2]

Petitioner contends that the Court erred in classifying his aggravated battery conviction as a "violent felony" under the elements clause, because, he argues, Florida's aggravated battery statute is an indivisible, overbroad statute that does not categorically qualify as a "violent felony." (Doc. 47 at 3-5). Petitioner is correct that aggravated battery, as defined under Florida law, does not categorically qualify as a "violent felony." (See Doc. 44 at 41 n.14). But Petitioner is incorrect in arguing that the aggravated battery statute is an indivisible, overbroad statute, which is categorically non-violent. The Eleventh Circuit has concluded otherwise, holding that the aggravated battery statute is divisible because there are alternative ways of

---

[2] Additionally, Petitioner never challenged his ACCA sentence on direct appeal. See United States v. Brooks, 426 F. App'x 878 (11th Cir. 2011).

committing aggravated battery under Florida law, some of which involve the use of force and some of which do not. See United States v. Diaz-Calderone, 716 F.3d 1345, 1347-49 (11th Cir. 2013) (authorizing use of the "modified categorical approach" for analyzing Florida convictions for aggravated battery because the statute contains alternative elements); United States v. McDuffie, 550 F. App'x 859, 862-63 (11th Cir. 2013). Based on the uncontested facts in Petitioner's presentence investigation report (PSR) – facts that Petitioner admitted, and which showed that Petitioner participated in the brutal beating of several victims (one of whom died) – the Court concluded that Petitioner's aggravated battery conviction could not have been for merely touching a pregnant woman, see Fla. Stat. § 784.045(1)(b), but for "intentionally or knowingly caus[ing] great bodily harm, permanent disability, or permanent disfigurement," or using a deadly weapon, Fla. Stat. § 784.045(1)(a). (See also Doc. 44 at 41 & n.14). The Court further identified several published cases authorizing the Court's reliance on uncontested statements found in the PSR to ascertain the nature of an ambiguous prior conviction. Doc. 44 at 41 n.14 (citing United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009); United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006); United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006); United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989)). Accordingly, Petitioner has not identified a manifest error of law or fact in the Court's conclusion that the prior conviction for aggravated battery qualified as an ACCA predicate offense under the "elements clause."

Petitioner also contends that the Court erred in classifying armed robbery as an ACCA "violent felony," but the Eleventh Circuit has affirmed that an armed robbery conviction under Florida law qualifies as a "violent felony" under the ACCA's elements clause.  United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006) (citing 18 U.S.C. § 924(e)(2)(B)(i)).  Thus, Petitioner has not demonstrated an error, let alone manifest error, in the Court's determination that the armed robbery conviction also qualified as an ACCA predicate offense under the "elements clause."

To the extent Petitioner asks the Court to entertain a new ineffective assistance claim with regard to counsel not challenging whether his prior convictions qualified under the ACCA, Rule 59(e) relief is also unwarranted.  "A Rule 59(e) motion cannot be used to… present evidence that could have been raised prior to the entry of judgment."  Gordon, 625 F. App'x at 513.  Nor may a party use a motion for reconsideration "to set forth new theories of law."  Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).  Petitioner could have pled his ineffective assistance claim when he raised the Johnson claim (see Doc. 43, Motion to Amend), but he did not. Petitioner cannot obtain Rule 59(e) relief now by presenting a new theory for relief from his underlying conviction and sentence.  In any event, Petitioner has not been prejudiced because the ACCA challenge is without merit.

Accordingly, it is hereby **ORDERED**:

1.     Petitioner's Motion Requesting Leave to Reply (Doc. 52) is **GRANTED**. The Court has considered Petitioner's accompanying reply.

5

2. Petitioner's "Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" (Doc. 47) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of April, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
Petitioner Keith Laron Brooks